**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Scott Traudt

    v.                                    Civil No. 13-cv-234-PB

Joseph Foster, Attorney
General of the State of
New Hampshire

**REPORT AND RECOMMENDATION**

    Scott Traudt has filed a petition for a writ of habeas corpus (doc. no. 1). The matter is before the court for preliminary review, to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

**Standard of Review**

    Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)). The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) ("As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.").

**Background**

Scott Traudt was convicted of assault and disorderly conduct on October 22, 2008, in the Grafton County Superior Court ("GCSC"). On January 27, 2009, he was sentenced to serve a prison term of "not more than three years nor less than one year."[1] Doc. No. 1-5, at 45. Traudt began serving his sentence on the day of his sentencing hearing. On May 16, 2013, he filed a federal habeas petition in this court.[2]

---

[1] The simple assault charge is a misdemeanor, but Traudt was subject to an extended term of imprisonment pursuant to N.H. Rev. Stat. Ann. § 651:6(g). The disorderly conduct charge is a violation.

[2] Traudt filed a direct appeal of, and multiple post-conviction collateral attacks on, his conviction. Those matters are not germane to my recommendation here, and are thus not addressed.

**Discussion**

Section 2254(a) confers jurisdiction on this court to issue writs of habeas corpus on "behalf of a person <u>in custody</u> pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  18 U.S.C. § 2254(a) (emphasis added).  To obtain habeas relief under § 2254, Traudt must demonstrate both that his state conviction or sentence violates a federal right, and that he is in custody pursuant to that state conviction or sentence.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989).

Whether a petitioner is "in custody" for purposes of the federal habeas statute is determined by the petitioner's status at the time the petition is filed.  <u>See</u> <u>id.</u>  While actual incarceration is not always necessary to demonstrate that a petitioner is "in custody," a petitioner must demonstrate that his liberty is impaired by "'restraints not shared by the public generally'[;] . . . there must be some type of continuing governmental supervision over the person." <u>Tinder v. Paula</u>, 725 F.2d 801, 803 (1st Cir 1984) (quoting <u>Jones v. Cunningham</u>, 371 U.S. 236, 241-43 (1963)).  "[A] sentence that has been fully served does not satisfy the custody requirement of the habeas statute."  <u>Lefkowitz v. Fair</u>, 816 F.2d 17, 19 (1st Cir. 1987). A petitioner past the end of his sentence at the time his habeas

petition is filed does not have standing to pursue federal habeas relief.  See id. at 21.

Traudt was sentenced to serve one to three years in prison. Because this petition was filed more than three years after Traudt began to serve his sentence, however, the entire three-year sentence would have necessarily expired prior to filing his petition here. Accordingly, Traudt was not in custody when he filed this petition and therefore does not have standing to bring this action for federal habeas relief.[3]

**Conclusion**

For the foregoing reasons, Traudt's § 2254 petition should be dismissed.  Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564

---

[3] Traudt has previously filed a civil action in this court, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with the arrest underlying the conviction challenged in this habeas action.  See Traudt v. Roberts, No. 10-cv-12 (D.N.H. filed Jan. 12, 2010).  The court in that case recently granted summary judgment in favor of the defendants.  See id. (order issued July 15, 2013).  The court found, among other things, that in Traudt's objection to summary judgment, Traudt acknowledged his ineligibility for habeas relief, presumably because he has been released from custody.  See id. at 15.

(1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

July 19, 2013

cc: Scott Traudt, pro se

LBM:jba