**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Scott Traudt

    v.                                                Civil No. 13-cv-234-PB

Joseph Foster, Attorney
General of the State of
New Hampshire

## O R D E R

Traudt's amended petition for a writ of habeas corpus (doc. no. 10) is before the court for preliminary review, to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam).

## Background

Scott Traudt was convicted of simple assault and disorderly conduct on October 22, 2008, in the Grafton County Superior Court ("GCSC"). On January 27, 2009, he was sentenced to serve 1 – 3 years in prison on the simple assault charge,[1] Doc. No. 1-5, at 45, and began serving his sentence the same day. Traudt was released from custody in May 2010, and spent approximately fourteen months on parole. Traudt's parole was terminated ten months prior to the January 27, 2012, expiration of his maximum sentence.

On May 16, 2013, Traudt filed this federal habeas action. On July 19, 2013, the magistrate judge issued a report and recommendation (doc. no. 2) recommending that the petition be dismissed for lack of standing. Traudt filed several objections (doc. nos. 3, 5, 7 and 8) to the report and recommendation, a motion to file an amended petition (doc. no. 6) and a supplement to that motion (doc. no. 9). The court granted Traudt's motion to amend

---

[1]The simple assault charge is a misdemeanor, but Traudt was subject to an extended term of imprisonment pursuant to N.H. Rev. Stat. Ann. § 651:6(g). The disorderly conduct charge is a violation.

(doc. no. 6) and Traudt, on March 6, 2014, filed an amended petition (doc. no. 10).

At the time Traudt initially filed this habeas action, he had pending before another judge of this court a civil rights action asserting claims arising out of the events that resulted in the conviction relevant to this petition. See Traudt v. Roberts, No. 10-cv-12-JL (D.N.H.). That civil action was dismissed on July 15, 2013. Id., Doc. No. 56. Traudt filed a notice of appeal (doc. no. 58) on July 29, 2013, and that appeal remains pending, see Traudt v. Roberts, No. 13-1968 (1st Cir.).

**Discussion**

Section 2254(a) confers jurisdiction on this court to issue writs of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 18 U.S.C. § 2254(a). To invoke this court's habeas jurisdiction, Traudt must demonstrate both that his state conviction or sentence violates his rights under federal law, and that he is in custody pursuant to that state conviction or sentence. See Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam).

Whether a petitioner is "in custody" for purposes of the federal habeas statute is determined by the petitioner's status at the time the petition is filed. See id. at 492. A petitioner past the end of his sentence at the time his habeas petition is filed does not have standing to pursue federal habeas relief. See id. at 491; [Lefkowitz v. Fair, 816 F.2d 17](), 20-21 (1st Cir. 1987). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." [Maleng, 490 U.S. at 492]().

Traudt was sentenced to serve one to three years in prison. Traudt does not dispute that he filed this petition after he was released from custody, and after the maximum term of his sentence expired. Traudt states that as a result of his conviction, he is unable to possess a firearm, annul his conviction, or be issued a Canadian visa. Traudt argues that these limitations satisfy the "in custody" requirement of § 2254(a). As Traudt's sentence was expired at the time he filed this habeas action, however, these "collateral consequences" of Traudt's conviction are insufficient to render Traudt "in custody" for the purposes of establishing his standing

to seek habeas relief.  See id.

Traudt also argues that the civil rights action Traudt filed in this court, Traudt v. Roberts, 10-cv-12-JL (hereinafter "Roberts"), was filed while he was still incarcerated, and that the court in that matter should have converted his complaint into a § 2254 petition.  It does not appear, however, that Traudt moved to convert his claims into a § 2254 petition.

Traudt further asserts that, because the court in Roberts failed to convert the complaint, sua sponte, into a § 2254 petition, this court should now equitably backdate the filing of this habeas action to January 12, 2010, the date Traudt filed the complaint in Roberts, which was when Traudt was still incarcerated.  The court finds no merit in that argument.  If Traudt feels that the court in Roberts erred, he may seek relief in his appeal of that case, but no such alleged error entitles him to the relief he seeks in this case.

Finally, Traudt argues that the inclusion in his complaint of an "actual innocence" claim should provide a gateway to consideration of this habeas action.  A claim of actual innocence, even if compelling, "cannot confer subject matter jurisdiction on a federal habeas court" where the petition is not in custody.  See Wilson v.

Flaherty, 689 F.3d 332, 339 (4th Cir. 2012) (citing Maleng, 490 U.S. at 494). Accordingly, Traudt's claim of innocence does not create subject matter jurisdiction over this matter, as Traudt was not in custody at the time this petition was filed.

## Conclusion

For the foregoing reasons, the court finds that Traudt does not have standing to litigate the amended petition for a writ of habeas corpus (doc. no. 10) and has thus failed to invoke the jurisdiction of the court. Because the court has previously provided Traudt with the opportunity to object to the dismissal of this action on these grounds, the court now dismisses the amended petition (doc. no. 10).

The court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right, and thus declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c); § 2254 Rule 11; First Cir. LR 22.0.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 24, 2014

cc: Scott Traudt, pro se